## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ERIN FERGUSON,                        Civil Action No. [CASE_NUMBER]

Plaintiff,

v.                                    JURY TRIAL DEMANDED

NEW GEORGIA PROJECT, INC., and
NEW GEORGIA PROJECT ACTION
FUND, INC.,

Defendants.

## COMPLAINT

COMES NOW, Erin Ferguson ("Plaintiff" or "Mr. Ferguson"), by and

through his undersigned counsel, and files this, his Complaint, and shows the Court

as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages and reasonable attorney fees against

Defendants New Georgia Project, Inc. and New Georgia Project Action Fund, Inc.

(collectively "Defendants") for violations of his rights under Title VII of the Civil

Rights Act of 1964, as amended ("Title VII"), including retaliation for engaging in protected activity under Title VII.

2.

This action seeks declaratory and injunctive relief, compensatory and punitive damages, and other appropriate relief under Title VII arising from Defendants' unlawful retaliation against Plaintiff for engaging in protected activity, including reporting and facilitating the reporting of sexual harassment in the workplace.

**JURISDICTION AND VENUE**

3.

This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 28 U.S.C. §§ 1343, and 42 U.S.C. § 2000e-5(f)(3), as this action arises under Title VII of the Civil Rights Act of 1964, as amended.

4.

Venue is proper in the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices alleged herein were committed within this district, both

Defendants maintain their principal places of business within this district, and all relevant events occurred within this district.

## PARTIES

5.

Plaintiff Erin Ferguson is a gay Black male citizen of the United States and resident of Georgia, residing at 2868 Two Lakes Circle, Atlanta, GA 30349, and is subject to the jurisdiction of this Court.

6.

Defendant New Georgia Project, Inc. is a non-profit corporation organized under the laws of Georgia with its principal place of business at 501 Pulliam Street SW, Atlanta, GA 30312. At all times relevant to this action, Defendant New Georgia Project, Inc. has continuously employed approximately 350 employees and has continuously been an employer engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 2000e(b).

7.

Defendant New Georgia Project Action Fund, Inc. is a non-profit corporation organized under the laws of Georgia with its principal place of

business at 830 Glenwood Ave. SE, Suite 510-221, Atlanta, GA 30316. At all times relevant to this action, Defendant New Georgia Project Action Fund, Inc. has continuously employed approximately 350 employees and has continuously been an employer engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 2000e(b).

8.

During all times relevant hereto, both Defendants have been "persons" engaged in an industry affecting commerce who have fifteen or more employees for each working day in each of twenty or more calendar weeks in 2023 and/or 2024 and continuing to the present, and are neither (1) the United States, a corporation wholly owned by the Government of the United States, an Indian tribe, or any department or agency of the District of Columbia subject by statute to procedures of the competitive service, nor (2) a bona fide private membership club which is exempt from taxation under section 501(c) of title 26.

9.

Both Defendants are therefore "employers" as defined under Title VII in accordance with 42 U.S.C. § 2000e(b).

10.

Defendants may be served with process by delivering a copy of the summons and complaint to their respective Registered Agents at their addresses of record with the Georgia Secretary of State.

FACTUAL ALLEGATIONS

11.

Plaintiff began his employment with Defendants in February 2022, initially hired as a Lead Canvasser but primarily performing operations consulting and administrative tasks.

12.

Throughout his employment, Plaintiff performed his duties in an exemplary manner, earning a promotion to Administrative & Special Projects Director in January 2023, and later advancing to Director of Operations, Technology, and Special Projects.

13.

At the time of his termination, Plaintiff earned an annual salary of $101,000 plus benefits valued at approximately 28% of his base salary.

14.

Initially, Plaintiff reported directly to CEO Kendra Cotton, and later reported to Keron Blair, Chief of Field and Organizing.

15.

In December 2023, an employee reported to Plaintiff that they had been sexually harassed by Roderick Smith, who was Blair's subordinate.

16.

Consistent with his duties and ethical obligations, Plaintiff directed the victim to report the harassment to Defendants' HR and legal departments.

17.

On January 8 and 9, 2024, Plaintiff provided a statement regarding the sexual harassment allegations to Earvin Hopkins, Defendants' HR Director.

18.

In mid-January 2024, Lawrence Rigby reported to Plaintiff that he had been sexually harassed by Keron Blair.

19.

Plaintiff again followed proper procedure by directing Rigby to report the harassment to Defendants' HR and legal departments.

20.

Shortly thereafter, Plaintiff met with CEO Kendra Cotton regarding the allegations against Blair.

21.

During this meeting, Cotton demanded that Plaintiff provide a statement about the allegations and made concerning statements about "proving" rejection of advances.

22.

Following this meeting, Tangelita Bush, Defendants' Legal Affairs Director, informed Plaintiff that Cotton and Blair considered him "the problem."

23.

Plaintiff responded that being considered "the problem" only applied if someone was trying to cover up harassment.

24.

Defendants subsequently brought in Elias Law Group to investigate Rigby's reports of harassment.

25.

Plaintiff cooperated fully with the investigation and provided a statement to the investigator.

26.

On January 16, 2024, just days after Plaintiff participated in the investigation and reported the sexual harassment incidents, Cotton terminated Plaintiff's employment.

27.

The stated reason for Plaintiff's termination was "Dishonesty-Violated vendor payment processes and control."

28.

This stated reason for termination was pretextual, as Plaintiff had not engaged in any dishonest conduct or violated any vendor payment processes.

29.

The true reason for Plaintiff's termination was retaliation for his protected

activity in reporting and facilitating the reporting of sexual harassment within the

organization.

30.

Since his termination, Plaintiff has been unable to secure employment,

suffering significant economic damages including lost wages and benefits, as well

as severe emotional distress and reputational harm within the non-profit sector.

31.

Plaintiff has incurred significant out-of-pocket medical expenses due to the

loss of his employment benefits, which is particularly burdensome given his HIV-

positive status.

32.

Plaintiff timely filed a Charge of Discrimination with the Equal Employment

Opportunity Commission (EEOC) on June 19, 2024, Charge Number 410-2024-

09687.

33.

The EEOC issued Plaintiff a Notice of Right to Sue on August 29, 2024, and Plaintiff has timely filed this action within ninety (90) days of receiving said Notice.

**CLAIMS FOR RELIEF**

**COUNT I: RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

34.

Plaintiff re-alleges paragraphs 1 through 33 as if set forth fully herein.

35.

Plaintiff engaged in protected activity under Title VII when he reported and facilitated the reporting of sexual harassment, including providing statements to HR regarding harassment allegations and participating in the investigation of harassment claims.

36.

Defendants subjected Plaintiff to adverse employment action by terminating his employment on January 16, 2024.

37.

There was a direct causal connection between Plaintiff's protected activity and his termination, as evidenced by the temporal proximity between his participation in the harassment investigation and his termination, as well as statements by Defendants' management identifying him as "the problem" for his role in reporting harassment.

38.

The reason given for Plaintiff's termination was pretextual, as Plaintiff had not engaged in any dishonest conduct or violated any vendor payment processes.

39.

Defendants' actions in terminating Plaintiff's employment constitute unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-3(a).

40.

Defendants have willfully and wantonly disregarded Plaintiff's rights, and their retaliation against Plaintiff was undertaken in bad faith.

41.

As a direct and proximate result of Defendants' unlawful retaliation, Plaintiff has suffered lost wages, lost benefits, emotional distress, anxiety, damage to his professional reputation, and other damages.

## COUNT II: SEX DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

42.

Plaintiff re-alleges paragraphs 1 through 33 as if set forth fully herein.

43.

Defendants discriminated against Plaintiff based on his sex by terminating his employment for reporting and opposing sexual harassment, while treating employees who engaged in sexual harassment more favorably.

44.

Defendants' discriminatory actions were motivated by sex-based considerations, including but not limited to protecting male employees who engaged in sexual harassment while punishing Plaintiff for opposing such conduct.

45.

As a direct and proximate result of Defendants' unlawful discrimination, Plaintiff has suffered lost wages, lost benefits, emotional distress, anxiety, damage to his professional reputation, and other damages.

46.

Defendants' conduct was undertaken with malice or reckless indifference to Plaintiff's federally protected rights, thereby entitling Plaintiff to punitive damages.

COUNT III: DEFAMATION

47.

Plaintiff re-alleges paragraphs 1 through 33 as if set forth fully herein.

48.

Defendants made false statements about Plaintiff, including but not limited to allegations that he engaged in "Dishonesty-Violated vendor payment processes and control."

49.

Defendants relayed to people outside the company that Plaintiff had engaged in dishonesty and stealing from the company.

50.

Defendants admitted through its Chairman that it published these false statements to third parties, and that the statements were untrue.

51.

These statements were false when made, and Defendants knew or should have known of their falsity.

52.

These false statements have directly and proximately caused damage to Plaintiff's professional reputation, making it difficult or impossible for him to secure new employment in the non-profit sector.

53.

As a direct and proximate result of Defendants' defamatory statements, Plaintiff has suffered damages including lost wages, lost benefits, emotional distress, and damage to his professional reputation.

54.

Defendants' conduct was willful, wanton, and malicious, entitling Plaintiff to punitive damages.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

(a) A trial by jury as to all triable issues of fact;

(b) Back pay and lost benefits in an amount to be proven at trial, but not less than $386,840 through the date of trial;

(c) Front pay in lieu of reinstatement in an amount not less than $101,000;

(d) Compensatory damages for emotional distress, mental anguish, loss of dignity, and other intangible injuries in an amount to be determined by the enlightened conscience of the jury;

(e) Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts, including ratification, condonation, and approval of said acts;

(f) Reasonable attorney's fees and expenses of litigation pursuant to 42 U.S.C. § 2000e-5(k);

(g) Prejudgment interest at the rate allowed by law;

(h) Declaratory relief that Defendants have violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended;

(i) Injunctive relief prohibiting Defendants from engaging in further unlawful conduct of the type described herein;

(j) Special damages for medical expenses and other out-of-pocket losses in an amount to be proven at trial;

(k) Damages for injury to reputation and lost professional opportunities; and

(l) All other relief to which Plaintiff may be entitled.


Respectfully submitted this 2nd day of December, 2024.



_s/ Amanda Farahany_
Amanda Farahany
Georgia Bar No. 646135

*Attorney for Plaintiff*

P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com